**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STAES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:24-CR-643 HEA |
| | ) | |
| BRANDON LAMONT BRADLEY, | ) | |
| | ) | |
| Defendant, | ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Motion to Suppress Evidence .[1] [Doc. No. 57]. All pretrial matters in this case were referred to United States Magistrate Judge Stephen R. Welby pursuant to 28 U.S.C. § 636(b). On September 29, 2026, following an evidentiary hearing on the motions, Judge Welby issued a Report and Recommendation, recommending that Defendant's Motion to Suppress Evidence be denied.

**Background**

[1]Defendant is charged in a three-count indictment under 18 U.S.C. § 922(g)(1) for felon in possession of a firearm, (Counts 1 and 2), and 21 U.S.C. § 841(a)(1) for possession with the intent to distribute a mixture or substance containing a detectable amount of fentanyl.

On October 10, 2026, Defendant's counsel filed an objection to Judge Welby's Report and Recommendation.

**Legal Standard**

When a party objects to a magistrate judge's report and recommendation, the Court must conduct a *de novo* review of the portions of the report, findings, or recommendations to which the party objected. *See United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003) (citing 28 U.S.C. § 636(b)(1)). The Court has reviewed the record in this case, including the transcript of the evidentiary hearing and all exhibits. After conducting *de novo* review of the record, the Court concludes Defendant's Motion to Suppress Evidence should be denied.

**Discussion**

Defendant moves to suppress two firearms, a Smith and Wesson SD40 pistol and an AR rifle taken from under a vehicle and in some bushes, respectively. Defendant argues that when Officer Nadeau identified himself as "police" he had no reasonable belief that any sort of criminal activity was ongoing. Under *Terry v. Ohio*, 392 U.S. 1, 21, 30 (1968), an investigative detention requires specific, articulable facts supporting a reasonable suspicion that criminal activity is afoot, considering the totality of the circumstances.

Judge Welby's findings of fact establish that at the time Nadeau observed Defendant and his companions, they were exiting a building through a door that is

not usually used for exit; one of the companions was wearing a hoodie and a ski mask on a very hot evening in July, and one of the individuals was carrying an AR and another had a handgun. At that time, Officer Nadeau did not stop the individuals because as soon as he shouted "police," the individuals ran away. Defendant ran around an SUV and stopped. Defendant started running again and Nadeau successfully deployed his taser after having holstered his weapon.

The Court finds that under the factual circumstances, Officer Nadeau reasonably believed criminal activity may be afoot. Defendant and his companions came out of a fire exit at 2:00 a.m., one individual was dressed inappropriately for the weather in a hoodie and a ski mask, and two guns were being carried. Officer Nadeau, seeing a masked individual and guns believed this indicated suspicious, perhaps criminal, activity. *United States v. Winborn*, 111 F.4th 910, 913 (8th Cir. 2024), *cert. denied*, 145 S. Ct. 1107, 220 L. Ed. 2d 410 (2025).

Judge Welby further concluded that Officer Nadeau did not stop Defendant until he had been tazed. As the Eighth Circuit has recognized, "[i]t is not sufficient for the police to only attempt to stop the individual; police must actually stop him." *United States v. Flores-Lagonas*, 993 F.3d 550, 560 (8th Cir. 2021) (finding no seizure where officers attempted to stop a suspect, with guns drawn, but the suspect drove away). That holding traces to Justice Scalia's characteristically insightful analysis in *California v. Hodari D.*, 499 U.S. 621, 626 (1991). He

explained that "[t]he word 'seizure' readily bears the meaning of a laying on of hands or application of physical force to restrain movement, even when it is ultimately unsuccessful." *Hodari D*., 499 U.S. at 626. But it "does not remotely apply...to the prospect of a policeman yelling 'Stop, in the name of the law!' at a fleeing form that continues to flee." *Id*. The same is true here. Defendant did not respond to Officer Nadeau's authority until he was tased and arrested at that time. Defendant's objection to Judge Welby's conclusions are without merit and is overruled.

***Conclusion***

In sum, the Court adopts Judge Welby's Recommendation of denial of Defendant's motion to suppress evidence.

Accordingly,

**IT IS HEREBY ORDERED** that consistent with the terms of this Opinion, Memorandum, and Order, the Report and Recommendation of United States Magistrate Judge Stephen R. Welby is **SUSTAINED, ADOPTED,** and **INCORPORATED in part.** [Doc. No. 74]

**IT IS FURTHER ORDERED** that Defendant's Motion to Suppress

Evidence is **DENIED.** [Doc. No. 57].

Dated this 4th day of November, 2026.

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE